1

2

3

4

5              UNITED STATES DISTRICT COURT

6              EASTERN DISTRICT OF WASHINGTON

7    ALICIA D. McINTURFF,

8                          Plaintiff,              NO:  1:14-CV-3001-TOR

9         v.                                       ORDER GRANTING DEFENDANT'S
                                                   MOTION FOR SUMMARY
10   CAROLYN W. COLVIN, Acting                     JUDGMENT
     Commissioner of Social Security
11   Administration,

12                         Defendant.

13        BEFORE THE COURT are the parties' cross-motions for summary

14   judgment.  ECF Nos. 18, 19.  Plaintiff is represented by D. James Tree.  Defendant

15   is represented by Nicole A. Jabaily.  The Court has reviewed the administrative

16   record and the parties' completed briefing and is fully informed.  For the reasons

17   discussed below, the Court grants Defendant's motion and denies Plaintiff's

18   motion.

19   //

20   //


ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

1    JURISDICTION

2    The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g),

3    1383(c)(3).

4    STANDARD OF REVIEW

5    A district court's review of a final decision of the Commissioner of Social

6    Security is governed by 42 U.S.C. § 405(g).  The scope of review under §405(g) is

7    limited:  the Commissioner's decision will be disturbed "only if it is not supported

8    by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153,

9    1158 (9th Cir. 2012).  "Substantial evidence" means relevant evidence that "a

10    reasonable mind might accept as adequate to support a conclusion."  *Id.* at 1159

11    (quotation and citation omitted).  Stated differently, substantial evidence equates to

12    "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and

13    citation omitted).  In determining whether this standard has been satisfied, a

14    reviewing court must consider the entire record as a whole rather than searching

15    for supporting evidence in isolation.  *Id.*

16    In reviewing a denial of benefits, a district court may not substitute its

17    judgment for that of the Commissioner.  If the evidence in the record "is

18    susceptible to more than one rational interpretation, [the court] must uphold the

19    ALJ's findings if they are supported by inferences reasonably drawn from the

20    record."  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).  Further, a district

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2

court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111.  An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination."  *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 1382c(a)(3)(A).  Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. § 416.920(a)(4)(i)–(v).  At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. § 416.920(a)(4)(i).  If the claimant is engaged in

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3

1   "substantial gainful activity," the Commissioner must find that the claimant is not

2   disabled.  20 C.F.R. § 416.920(b).

3        If the claimant is not engaged in substantial gainful activities, the analysis

4   proceeds to step two.  At this step, the Commissioner considers the severity of the

5   claimant's impairment.  20 C.F.R. § 416.920(a)(4)(ii).  If the claimant suffers from

6   "any impairment or combination of impairments which significantly limits [his or

7   her] physical or mental ability to do basic work activities," the analysis proceeds to

8   step three.  20 C.F.R. § 416.920(c).  If the claimant's impairment does not satisfy

9   this severity threshold, however, the Commissioner must find that the claimant is

10  not disabled.  *Id.*

11       At step three, the Commissioner compares the claimant's impairment to

12  several impairments recognized by the Commissioner to be so severe as to

13  preclude a person from engaging in substantial gainful activity.  20 C.F.R.

14  § 416.920(a)(4)(iii).  If the impairment is as severe as or more severe than one of

15  the enumerated impairments, the Commissioner must find the claimant disabled

16  and award benefits.  20 C.F.R. § 416.920(d).

17       If the severity of the claimant's impairment does meet or exceed the severity

18  of the enumerated impairments, the Commissioner must pause to assess the

19  claimant's "residual functional capacity."  Residual functional capacity ("RFC"),

20  defined generally as the claimant's ability to perform physical and mental work

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

1  activities on a sustained basis despite his or her limitations, 20 C.F.R.

2  § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

3      At step four, the Commissioner considers whether, in view of the claimant's

4  RFC, the claimant is capable of performing work that he or she has performed in

5  the past ("past relevant work").  20 C.F.R. § 416.920(a)(4)(iv).  If the claimant is

6  capable of performing past relevant work, the Commissioner must find that the

7  claimant is not disabled.  20 C.F.R. § 416.920(f).  If the claimant is incapable of

8  performing such work, the analysis proceeds to step five.

9      At step five, the Commissioner considers whether, in view of the claimant's

10 RFC, the claimant is capable of performing other work in the national economy.

11 20 C.F.R. § 416.920(a)(4)(v).  In making this determination, the Commissioner

12 must also consider vocational factors such as the claimant's age, education and

13 work experience.  *Id.*  If the claimant is capable of adjusting to other work, the

14 Commissioner must find that the claimant is not disabled.  20 C.F.R.

15 § 416.920(g)(1).  If the claimant is not capable of adjusting to other work, the

16 analysis concludes with a finding that the claimant is disabled and is therefore

17 entitled to benefits.  *Id.*

18     The claimant bears the burden of proof at steps one through four above.

19 *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  If

20 the analysis proceeds to step five, the burden shifts to the Commissioner to

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5

1    establish that (1) the claimant is capable of performing other work; and (2) such

2    work "exists in significant numbers in the national economy."  20 C.F.R.

3    § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

4                                   ALJ FINDINGS

5          Plaintiff filed an application for supplemental security income on May 24,

6    2010.  Tr. 22, 139–46.  Plaintiff's claim was denied initially and on

7    reconsideration.  Tr. 82–85, 89–90.  Plaintiff requested a hearing before an ALJ

8    which was held on June 6, 2012.  Tr. 36–71.  The ALJ rendered a decision denying

9    Plaintiff supplemental security income on August 29, 2012.  Tr. 22–31.

10         At step one, the ALJ found that Plaintiff had not engaged in substantial

11   gainful activity since May 24, 2010, the application date.  Tr. 24.  At step two, the

12   ALJ found that Plaintiff had the following severe impairment:  degenerative disk

13   disease with disk herniations.  *Id.*  At step three, the ALJ found that Plaintiff did

14   not have an impairment or combination of impairments that met or medically

15   equaled a listed impairment.  Tr. 25.

16         The ALJ then concluded that Plaintiff's had the RFC to

17         perform a less than full range of sedentary work as defined in 20 CFR
           416.967(a).  The claimant can lift and carry up to 10 pounds, stand
18         and/or walk for 2 hours in an 8-hour workday, and sit in 1-hour
           increments up to 8 hours in an 8-hour workday.  She can occasionally
19         perform balancing, stooping, kneeling, crouching, and climbing of
           ramps and stairs but is limited to no climbing of ropes, ladders, or
20         scaffolds and no crawling.  The claimant should avoid work at
           unprotected heights or around dangerous moving machinery.  She

1    should further avoid exposure to extremes of temperature changes,
2    extremes of cold or heat, and moderate exposure to vibration.  She can
     remember, understand, and carry out simple and detailed, but not
3    complex, tasks or instructions typical of occupations with a situational
     vocational preparation (SVP) of 1 or 2.

4    Tr. 25–26.  The ALJ found, at step four, that Plaintiff was unable to perform any

5    past relevant work.  Tr. 29–30.  At step five, the ALJ found that, considering

6    Plaintiff's age, education, work experience, and RFC, there exist significant

7    numbers of jobs in the national economy that Plaintiff could perform in

8    representative occupations such as assembly and packaging.  Tr. 30–31.  On that

9    basis, the ALJ concluded that Plaintiff was not disabled as defined in the Social

10   Security Act.  Tr. 31.

11       The Appeals Council denied Plaintiff's request for review on November 7,

12   2013, making the ALJ's decision the Commissioner's final decision for purposes

13   of judicial review.  Tr. 1–6; 20 C.F.R. §§ 404.981, 416.1484, 422.210.

14                                    ISSUES

15       Plaintiff essentially raises two issues for review.  Plaintiff argues that the

16   ALJ erred by rejecting Plaintiff's testimony based upon erroneous credibility

17   findings.  ECF No. 18 at 13–19.  Plaintiff also argues that the ALJ erred by failing

18   to consider or improperly rejecting four medical opinions.  ECF No. 18 at 4–13.

19   //

20   //

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

DISCUSSION

**A**. **Plaintiff's Credibility**

Plaintiff contends that the ALJ erred by rejecting Plaintiff's subjective complaints about the severity of impairments caused by her back pain. ECF No. 18 at 13. Plaintiff argues that the ALJ based her credibility determination upon "erroneous credibility findings," and that were Plaintiff's testimony credited, as Plaintiff contends it should have been, "it becomes clear that the claimant is incapable of working on a regular and continuing basis and thus is disabled according to the statutory definition." *Id.* at 13, 19.

In social security proceedings, a claimant must prove the existence of a physical or mental impairment with "medical evidence consisting of signs, symptoms, and laboratory findings." 20 C.F.R. §§ 416.908, 416.927. A claimant's statements about his or her symptoms alone will not suffice. 20 C.F.R. §§ 416.908, 416.927. Once an impairment has been proven to exist, an ALJ "may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc). As long as the impairment "could reasonably be expected to produce [the] symptoms," the claimant may offer a subjective evaluation as to the severity of the impairment. *Id.* This rule

1  recognizes that the severity of a claimant's symptoms "cannot be objectively

2  verified or measured."  *Id.* at 347 (quotation and citation omitted).

3      However, an ALJ may conclude that the claimant's subjective assessment is

4  unreliable, so long as the ALJ makes "a credibility determination with findings

5  sufficiently specific to permit [a reviewing] court to conclude that the ALJ did not

6  arbitrarily discredit claimant's testimony."  *Thomas v. Barnhart*, 278 F.3d 947, 958

7  (9th Cir. 2002); *see also Bunnell*, 947 F.2d at 345 ("[A]lthough an adjudicator may

8  find the claimant's allegations of severity to be not credible, the adjudicator must

9  specifically make findings which support this conclusion.").  In making such a

10  determination, the ALJ may consider, *inter alia*:  (1) the claimant's reputation for

11  truthfulness; (2) inconsistencies in the claimant's testimony or between her

12  testimony and her conduct; (3) the claimant's daily living activities; (4) the

13  claimant's work record; and (5) testimony from physicians or third parties

14  concerning the nature, severity, and effect of the claimant's condition.  *Thomas*,

15  278 F.3d at 958.  If there is no evidence of malingering, the ALJ's reasons for

16  discrediting the claimant's testimony must be "specific, clear and convincing."

17  *Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012) (quotation and citation

18  omitted).  The ALJ "must specifically identify the testimony she or he finds not to

19  be credible and must explain what evidence undermines the testimony."  *Holohan*

20  *v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

Here, the ALJ found that the medical evidence confirmed the existence of degenerative disk disease and ongoing chronic pain.  Tr. 26–27.  The ALJ did not credit Plaintiff's testimony about the severity of her pain and its impact on her functional capacity.  There is no evidence of malingering in this case, and therefore the Court must determine whether the ALJ provided clear and convincing reasons not to credit Plaintiff's testimony of the limiting effect of her chronic pain. *Chaudhry*, 688 F.3d at 672.  The Court concludes that the ALJ did provide clear and convincing reasons.

First, the ALJ found that the while the objective medical evidence confirmed the presence of chronic pain, "the records contain no objective findings that corroborate [Plaintiff's] allegations of disabling functional limitations."  Tr. 27. The ALJ noted that Plaintiff's physical examinations showed ongoing tenderness in the lumbar spine with pain on extension and flexion, but "no focal weakness or atrophy in the extremities, with normal reflexes throughout."  Tr. 27, 285.  The ALJ noted that in a December 2009 examination, Dr. Daniel Kwon found Plaintiff had a "mildly positive straight leg raise test, but not classic with radicular pain but rather just kind of radiating symptoms in the posterior thighs."  Tr. 27, 285. Examinations in April and July 2011 showed negative straight leg testing and normal heel to toe walking.  Tr. 27, 281, 282.  Plaintiff's primary care physician,

Dr. Natalia Luera, consistently noted that Plaintiff had normal gait and station and

was not in apparent distress.  Tr. 27, 234, 235, 236, 237.

Indeed, the ALJ found that the medical records supported a conclusion that

Plaintiff's pain was well managed by her medications.  Tr. 27.  An independent

review of the record confirms the ALJ's finding that Plaintiff's physicians

repeatedly noted that her medication was effective in controlling her pain level and

keeping it stable.  *E.g.*, Tr. 273, 281, 282 ("A combination of her medications does

seem to control her medical problems, give her moderate relief of her pain itself,

and give her the ability to function.").  In both March and May 2011, Plaintiff told

her treating physicians that the pain medication was working well.  Tr. 27, 419

(May 2011), 465 (March 2011).[1]

---

[1]  The ALJ also relied on Plaintiff's reported activities of camping, huckleberry and

mushroom picking, attending a gardening club, and swimming that were

inconsistent with someone claiming total disability.  Tr. 28.  Plaintiff contends this

was in error because a claimant need not be "utterly incapacitated" to meet the

definition of disabled.  ECF No. 13 at 16 (quoting *Vertigan v. Halter*, 260 F.3d

1044, 1050 (9th Cir. 2001)).  But those activities, the ALJ found, were inconsistent

with Plaintiff's level of claimed disability and consistent with the finding that her

pain medications allow her to perform daily activities without significant pain.

1    "While subjective pain testimony cannot be rejected on the sole ground that

2    it is not fully corroborated by objective medical evidence, the medical evidence is

3    still a relevant factor in determining the severity of the claimant's pain and its

4    disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

5    Moreover, "[c]ontradiction in the medical record is a sufficient basis for rejecting

6    the claimant's subjective testimony." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533

7    F.3d 1155, 1161 (9th Cir. 2008).  The ALJ did not err by basing her credibility

8    determination, in part, upon the objective medical evidence which did not support

9    the debilitating pain Plaintiff subjectively claimed, but in fact contradicted it.

10        Second, the ALJ found Plaintiff's statements about her usage of pain

11   medications were inconsistent with her drug screening.  Tr. 28.  Drug screenings of

12   Plaintiff were negative for Oxycodone in January, February, and March 2012, as

13   well as in December 2009 and March 2010.  Tr. 252, 253, 432, 433, 434.  While

14   Plaintiff tested positive in April and May 2010 (Tr. 250, 251), the ALJ found the

15   multiple negative tests suggested that "the claimant may have overstated her

16   symptoms as they were not of such severity as to require the use of [her

17   prescription] narcotics . . . ."  Tr. 28.  An ALJ may properly rely upon

18   inconsistencies in a claimant's claimed limitations and a claimant's conduct.

19   *Thomas*, 278 F.3d at 958–59.  The ALJ found Plaintiff's failure to take her

20   medications was inconsistent with her claimed level of pain. Such an inadequately

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

1    explained failure to follow a prescribed course of treatment "can cast doubt on the

2    sincerity of the claimant's pain testimony." *Fair v. Brown*, 885 F.2d 597, 603 (9th

3    Cir. 1989).  The ALJ did not err in relying upon these inconsistencies in weighing

4    Plaintiff's credibility.

5        The ALJ also found that Plaintiff's work history reflected a "pattern of

6    marginal intermittent and part-time work . . . indicating that her impairments may

7    not be the sole reason for her current inability to sustain full-time competitive

8    employment, and that a lack of interest in working, unrelated to any medical

9    condition, may account for her current lack of employment."  Tr. 28.  In support of

10   this conclusion, the ALJ relied upon two sections of the record in which Plaintiff,

11   first, requested a note from her physician stating that she could not work because

12   of her pain and so she could take care of her daughter, Tr. 245, and, second, where

13   Plaintiff reported it was hard for her to figure out how to work with a high-needs

14   four-year-old child at home, Tr. 267.  Plaintiff objects to the ALJ's conclusion

15   because "[t]here is no evidence [Plaintiff] lied about her pain to stay home with her

16   daughter but merely made her doctor aware of her situation."  ECF No. 18 at 18.

17       The ALJ inferred from Plaintiff's sporadic work history—which she does

18   not contest—and from Plaintiff's comments about wanting to stay home with her

19   child, that her lack of employment was not due *solely* to Plaintiff's medical

20   impairments.  Despite Plaintiff's protestations, the ALJ's inference was not

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13

1   unreasonable, and must therefore be upheld.  *See, e.g.*, *Batson v. Comm'r of Soc.*

2   *Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004) ("[T]he Commissioner's findings

3   are upheld if supported by inferences reasonably drawn from the record.");

4   *Thomas*, 278 F.3d at 959 (stating an ALJ may consider both work history and

5   inconsistent statements).  The ALJ's credibility determination was based upon

6   specific, clear, and convincing reasons sufficient for this Court to conclude that the

7   determination was not arbitrary.  *See Thomas*, 278 F.3d at 958–59.  As such, the

8   ALJ properly evaluated and rejected Plaintiff's testimony.

9   B. **Medical Opinions**

10      Plaintiff also contends the ALJ erred in rejecting the opinions of four

11  medical providers.  A treating physician's opinions are entitled to substantial

12  weight in social security proceedings.  *Bray v. Comm'r of Soc. Sec. Admin.*, 554

13  F.3d 1219, 1228 (9th Cir.2009).  If a treating or examining physician's opinion is

14  uncontradicted, an ALJ may reject it only by offering "clear and convincing

15  reasons that are supported by substantial evidence."  *Bayliss v. Barnhart*, 427 F.3d

16  1211, 1216 (9th Cir. 2005).  However, the ALJ need not accept a physician's

17  opinion that is "brief, conclusory and inadequately supported by clinical findings."

18  *Bray*, 554 F.3d at 1228 (quotation and citation omitted).  An ALJ may also reject a

19  treating physician's opinion which is "based to a large extent on a claimant's self-

20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14

1    reports that have been properly discounted as incredible." *Tommasetti v. Astrue*,

2    533 F.3d 1035, 1041 (9th Cir. 2008) (internal and quotation and citation omitted).

3        1. Dr. Natalia Luera

4        Dr. Natalia Luera was Plaintiff's treating physician. Tr. 29. In July 2012,

5    Dr. Luera opined that Plaintiff would need to lie down two or three times per day

6    for forty-five to seventy-five minutes each time because of Plaintiff's chronic pain.

7    Tr. 503. The ALJ gave little weight to this opinion because it was based on

8    Plaintiff's subjective complaints made that same day. Tr. 29, 502 ("The patient

9    states she must lie down 2–3 x per day for 45–75 minutes each session due to

10   increased pain."). The ALJ discounted Plaintiff's subjective statements as

11   incredible, and may properly assign little weight to Dr. Luera's opinion which is

12   based upon Plaintiff's self-reporting. *Tommasetti*, 533 F.3d at 1041. The ALJ also

13   assigned Dr. Luera's opinion little weight because it was inconsistent with her

14   overall opinion. Tr. 29. Dr. Luera opined that Plaintiff's condition would not

15   deteriorate from regular and continuous work, though Plaintiff may miss three days

16   a month due to her medical condition. Tr. 504. As the ALJ noted, Dr. Luera

17   provided no clinical support for the limitations listed. Tr. 29. The Court's

18   independent review of the record confirms that the treatment notes make no

19   mention of such a debilitating limitation. Contrary to Plaintiff's assertion, the ALJ

20   did not reject Dr. Luera's opinion merely because Dr. Luera considered subjective

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 15

1    symptoms in her analysis.  ECF No. 18 at 6.  The ALJ accepted portions of the

2    opinion, but rejected the portion that was both inconsistent with the record and

3    founded only upon Plaintiff's subjective complaints.

4        The ALJ did not err in rejecting Dr. Luera's conclusory opinion that was

5    inadequately supported by the record.  *See Bray*, 554 F.3d at 1228.

6        2.  Dr. Jennifer Lentz

7        The ALJ gave limited weight to the opinion of Dr. Jennifer Lentz that

8    Plaintiff was only capable of sedentary work from one to ten hours per week.  Tr.

9    29.  The ALJ did not credit this opinion because it was entered upon a disability

10   form that Dr. Lentz filled out alongside Plaintiff, indicating that Dr. Lentz may

11   have been relying more on Plaintiff's subjective complaints than on objective

12   clinical findings.  Tr. 29, 206–08, 240.  Plaintiff contends that Dr. Lentz's opinion

13   is not based upon Plaintiff's subjective statements, but upon the MRI results.  ECF

14   No. 18 at 8.

15       Plaintiff's MRI and x-ray results confirm the ALJ's finding that Plaintiff

16   suffered from degenerative disk disease.  However, these results alone do not

17   confirm the severity of Plaintiff's limitations.  The ALJ agreed with Dr. Lentz in

18   part and found that Plaintiff was limited to a sedentary RFC assessment.  Tr. 29.

19   But, the ALJ concluded that a more severe limitation was inconsistent with the

20   medical record.  Plaintiff has not pointed to any clinical findings or treatment notes

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 16

of Dr. Lentz that would indicate that Plaintiff was as severely limited in her

functional capacity as indicated on the disability form.  Thus, the ALJ did not err in

assigning limited weight to an opinion unsupported by clinical evidence and which

opinion appears to be based on Plaintiff's subjective complaints that have been

discounted.

   3.  Dr. Daniel Kwon

   Plaintiff asserts that the ALJ failed to consider the findings and opinions of

Dr. Daniel Kwon.  ECF No. 18 at 10.  Specifically, Plaintiff argues that Dr.

Kwon's opinions support Dr. Luera's and Dr. Lentz's opinions and that his finding

of "chronic lumbalgia" should have been listed as a step two severe impairment.

ECF No. 18 at 11.  In reply, Plaintiff again contends the ALJ failed to discuss or

weigh the medical findings and opinions of Dr. Kwon.  ECF No. 22 at 4.

   Defendant argues the ALJ did discuss Dr. Kwon's findings, that Plaintiff

fails to show any limitations opined by Dr. Kwon that have not been incorporated

into the ALJ's RFC assessment, and that "chronic lumbalgia" is another term for

low back pain, so it is not properly listed as an impairment, but rather a symptom.

ECF No. 19 at 16–17.

   Dr. Kwon treated Plaintiff at the Water's Edge Pain Relief Institute.  *See,*
*e.g.,* Tr. 287.  While the ALJ may not have cited Dr. Kwon by name, the ALJ

discussed and cited to the reports of Dr. Kwon and others at Water's Edge by

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 17

reference to them in Exhibit 10F in the administrative record.  Tr. 27–28.  Plaintiff has not otherwise identified any opinion of Dr. Kwon that has not been addressed by the ALJ's RFC assessment.

Plaintiff's contention that "chronic lumbalgia" should have been considered an impairment at step two is likewise harmless.  Lumbalgia is literally lumbar (lower back) pain.  In this case, Plaintiff's chronic lower back pain is a symptom of her degenerative disk disease.  It would not properly be considered a separate impairment at step-two.  But, the ALJ properly considered Plaintiff's chronic pain as a symptom of her impairment while determining Plaintiff's RFC.  Thus, no error has been shown on this record.

4.  Paul Schneider, Ph.D.

Plaintiff contends that the ALJ also erred by failing to consider the opinion of Paul Schneider, Ph.D., who performed a psychological evaluation of Plaintiff in December 2010.  ECF No. 18 at 12.  Specifically, Plaintiff contends that the ALJ failed to consider that Dr. Schneider diagnosed her with a mood disorder in addition to chronic pain syndrome.  *Id.*

Defendant counters that the ALJ did cite to Dr. Schneider's opinion and that Plaintiff has failed to show any harmful error.  ECF No. 19 at 17–18.

Dr. Schneider's single report was included as part of Plaintiff's Water's Edge reports and treatment notes in Exhibit 10F (Tr. 266–70), and was cited twice

1  by the ALJ in his findings.  Tr. 28.  Dr. Schneider opined that Plaintiff suffered

2  from "[m]ood disorder, not otherwise specified."  Tr. 270.  The ALJ did not

3  specifically discuss these findings of Dr. Schneider's.  While Plaintiff raised no

4  challenge to the ALJ's step-two evaluation of her alleged mental impairments, the

5  ALJ discussed, at step-two, Plaintiff's alleged mental impairments.  Tr. 24.  The

6  ALJ found that although Plaintiff "alleged disability due to depression, treatment

7  records show [Plaintiff] to receive no more than medication management from her

8  primary care physician.  She is not under the care of a mental health professional

9  nor is she undergoing counseling services."  *Id.*  The ALJ gave significant weight

10  to the opinion of Jeff Teal, Ph.D., who performed a consultative examination of

11  Plaintiff, and concluded that her depressive symptoms would not significantly

12  interfere with sustained full-time employment.  Tr. 24, 214.

13      Plaintiff has not identified anything in Dr. Schneider's opinion—other than

14  the mood disorder diagnosis—that the ALJ failed to discuss.  The Court's review

15  of Dr. Schneider's report confirms that the relevant, material evidence was

16  adequately discussed by the ALJ at step two.  Plaintiff has failed to show how the

17  ALJ erred by not specifically discussing Dr. Schneider's report in more detail.  As

18  such, any error in not discussing Dr. Schneider's report is harmless.

19  //

20  //

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 19

**IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 18) is **DENIED**.

2. Defendant's Motion for Summary Judgment (ECF No. 19) is

   **GRANTED**.

The District Court Executive is hereby directed to file this Order, enter

Judgment for Defendant, provide copies to counsel, and **CLOSE** the file.

**DATED** December 30, 2014.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 20